FILED
SUPERIOR COURT
OF GUAM

2019 OCT 25 PM 4:38

CLERK OF COURT

By:_____

**IN THE SUPERIOR COURT OF GUAM**

| JOSHUA F. PETER, ET. AL., | Superior Court Case No. <u>CV0444-19</u> |
|---|---|
| Plaintiffs, | |
| vs. | **DECISION AND ORDER RE MOTION TO DISMISS THE FIRST AMENDED COMPLAINT OR ALTERNATIVELY, SUMMARY JUDGMENT** |
| FRANCIS GILL; CYFRED, LTD.; STEPHANIE MENDIOLA; CURTIS VAN DE VELD; and DOE DEFENDANTS 1-100, | |
| Defendants. | |

The Court here considers Defendants' Motion to Dismiss, which raises issues of vexatious litigation, failure to state a claim, untimeliness, and lack of standing. Having considered the parties' arguments and applicable law, the Court GRANTS IN PART and DENIES IN PART Defendants' Motion.

## I.   PROCEDURAL AND FACTUAL BACKGROUND

CV0444-19 is the latest in a string of cases involving the Gill-Baza Subdivision. In 2013, several but not all parties here entered into a settlement agreement to resolve extensive litigation concerning the titles of several lots in the Gill-Baza Subdivision. Plaintiffs now allege Defendants breached that settlement agreement, and have filed numerous cases including active cases before this Court (CV0425-18, CV0426-18, CV0736-18) as well as two prior cases already dismissed without prejudice (CV0073-16 and CV0934-15).

In this case, Plaintiffs allege fraud, Deceptive Trade Practice Act (DTPA) violations, breach of contract, and various tort claims against Francis Gill, Cyfred, Ltd., Stephanie

# ORIGINAL

Mendiola, Curtis Van de veld, and several Does. First Am. Compl. (Apr. 29, 2019).[1] Defendants move to dismiss based on the Court's lack of subject matter jurisdiction, Plaintiffs' failure to state a claim, and Wayson Wong's lack of standing. Plaintiffs respond that although this case shares a similar fact pattern to the other cases, they filed this action afterwards because some claims arose mid-litigation, and some claims were dismissed by this Court in CV0426-18 as facially time-barred.

## II.    DISCUSSION

### A.    Lack of Subject Matter Jurisdiction / Duplicative Litigation

Defendants seek to dismiss Plaintiffs' suit on lack of subject matter jurisdiction grounds due to its alleged duplicative nature. However, a court does not dismiss a case as duplicative based on its lack of subject matter jurisdiction but as part of its general power to administer its docket. *Curtis v. Citibank, N.Am.*, 226 F.3d 133, 138 (2d Cir. 2000) ("As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit."). The exercise of this general power is discretionary. *Id.*

In exercising its discretionary supervisory powers, the Court finds Plaintiffs' fraud and DTPA claims duplicative of CV0426-18's fraud and DTPA claims and dismisses them on that basis. Plaintiffs admit that "CV0444-19 involves many of the same facts, law and claims set forth in the pleadings for CV0426-18." *Ex Parte* App. Consol. at 3 (Apr. 22, 2019). Specifically, Plaintiffs admit that CV0444-19's fraud and DTPA claims are the same claims they asserted in CV0426-18, which the Court dismissed without prejudice in its February 15, 2019 Decision and Order re Motion to Dismiss.[2]

---

[1] Plaintiffs are not pursuing their fifth count. Opp'n at 15 (June 25, 2019).
[2] The Court affirmed its decision in its June 4, 2019 Decision and Order Re *Ex Parte* Motion to Reconsider Dismissal of Fraud and DTPA Claims

ORIGINAL

By filing a separate action after the Court's dismissal, Plaintiffs engaged in claim-splitting and sought to circumvent the rules on amending complaints, leading to concurrent litigation over the same subject matter that could be more efficiently disposed of in a single suit. Claim splitting occurs when a party asserts claims from the same nucleus of facts across multiple lawsuits, wasting scarce judicial resources and undermining the effective disposition of cases. *Katz v. Gerardi*, 655 F.3d 1212, 1217 (10th Cir. 2011). As Plaintiffs admit, CV0444-19 and CV0426-18 generally share the same parties, law, and facts. Plaintiffs abused the judicial process when, instead of attempting to revive their fraud and DTPA claims in CV0426-18 by pleading specific facts, they filed a new suit. This engendered a waste of judicial resources. It forced the Court to review and compare the Complaint and First Amended Complaint in this case with the allegations filed, amended, and dismissed in CV0426-18. Second, the Court had to address Plaintiffs' attempt to consolidate CV0444-19 with the other cases, a step that appeared unnecessary for the fraud and DTPA claims had they attempted to correct their pleading defects in CV0426-18.

Beyond the fraud and DTPA claims, Plaintiffs alleged in Count Three that Defendants committed a "breach of assistance contract." The underlying allegations concern the same nucleus of facts and law as in CV0426-18, meaning that Plaintiffs could have raised this claim in CV0426-18. Given the history of numerous cases, continuous litigation, and intensive work by the Court in examining the expansive scope of legal, factual and discovery issues before it in each active related case, the Court will not allow causes of action pertaining to the same course of conduct to extend across multiple lawsuits.

ORIGINAL

The Court's recent grant of summary judgment over the breach of contract and related claims in CV0426-18--which eliminated claims against Cyfred[3] and leaves alive one of two claims against Mendiola--still does not permit Plaintiffs to claim split and utilize this action to pursue the fraud, DTPA, and breach of contract claims. *See* CV0426-18 (Dec. and Order re Defs.' Mot. Summ. J., Oct. 3, 2019). Prior to granting summary judgment in CV0426-18, the parties had the opportunity to conduct discovery related to the same factual nucleus involved in the fraud and DTPA, and breach of contract claims. The Court is again concerned with the conservation of resources. Even if related claims have been disposed in CV0426-18, the Court still finds it inappropriate for Plaintiffs to avail of a new lawsuit when extensive discovery and motion work has been expended in an existing case.

The Court is therefore compelled to minimize the endless duplicative lawsuit tactics that have plagued these parties and their various dealings over the years. For this reason, the Court determines that Plaintiffs may not utilize CV0444-19 to raise issues that were already raised or should have been raised in CV0426-18. The Court therefore dismisses Plaintiffs' First, Second, and Third Counts without prejudice. If Plaintiffs wish to raise those claims, they must seek leave in CV0426-18. On the other hand, Plaintiffs' conspiracy claim arose mid-litigation in CV0426-18 and involves different facts and claims Plaintiffs could not have initially asserted in any of the other related cases. The Court therefore does not dismiss Plaintiffs' conspiracy claim on duplicative litigation grounds.

---

[3] The parties disagree on whether the Court's grant of summary judgment also applies to Gill.

ORIGINAL

## B. Failure to State a Claim

Defendants contend that Plaintiffs' remaining claim of conspiracy to commit wrongful acts should be dismissed under Guam Rule of Civil Procedure 12(b)(6) because it is facially time-barred and improperly pled. Mot. Dismiss at 9-13 (May 21, 2019).

On a motion for dismissal for failure to state a claim, the Court must "construe the pleadings in the light most favorable to the non-moving party, and resolve all doubts in the non-moving party's favor." *Taitano v. Calvo Finance Corp.*, 2008 Guam 12 ¶ 9 (quoting *First Hawaiian Bank v. Manley*, 2007 Guam 2 ¶ 9). "Dismissal for failure to state a claim is appropriate only if it appears beyond doubt that the non-moving party can prove no set of facts in support of his claim which would entitle him to relief." *Id.* (internal quotation and citations omitted). A claim may also be dismissed because it either asserts a non-cognizable legal theory or because it fails to allege sufficient facts to support a cognizable legal claim. *SmileCare Dental Group v. Delta Dental Plan of Cal., Inc.*, 88 F.3d 780, 783 (9th Cir. 1996).

For Plaintiffs to make a prima facie case of civil conspiracy, they must allege (1) the formation and operation of the conspiracy, (2) the wrongful act or acts done pursuant thereto, and (3) the damage resulting from such act or acts. *Moylan v. Citizens Sec. Bank*, 2015 Guam 36 ¶ 72. The alleged wrongful act must then be further analyzed because "[s]tanding alone, [civil] conspiracy does no harm and engenders no tort liability...[it] does not give rise to a cause of action unless a civil wrong has been committed resulting in damage." *Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 869 P.2d 454, 457 (Cal. 1994) (quoting *Doctors' Co. v. Superior Court*, 775 P.2d 508 (Cal. 1989)). "Therefore, it is the acts done and not the conspiracy to do them which should be regarded as the essence of the civil action." *Id.* (citations and internal quotations omitted).

ORIGINAL

Under the umbrella claim of "wrongful conduct," Plaintiffs allege Defendants conspired to commit the following: (1) tortious interference with the parties' Settlement Agreement and promised assistance contract; (2) misrepresentation of Cyfred's ability to clear Mendiola's title to the 14 lots; and (3) fraud on the court by filing in CV0426-18 that Mendiola has interests in the 14 lots when they knew or should have known that she did not have such an interest.[4] First Am. Compl. ¶¶ 104, 105.

Though Plaintiffs plead all the elements of tortious interference, jurisdictions disagree on whether a party to a contract can be sued for conspiracy to interfere with the contract. California law, which Plaintiffs cite in their opposition, decidedly has held that parties to a contract cannot be sued for conspiracy to interfere with their own contract because their appropriate recourse is a breach of contract claim. *Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 869 P.2d 454, 457 (Cal. 1994). New York case law also overwhelmingly holds that a party to a contract cannot be sued in tort for conspiracy to interfere with the contract. *See, e.g., Sharma v. Skaarup Ship Mgmt. Corp.*, 916 F.2d 820 (2d Cir. 1990), *cert. denied*, 499 U.S. 907 (1991). Other jurisdictions have permitted actions in tort against a contracting party for conspiracy to interfere with the contract, but a third party must also be involved. *See e.g., Fox v. Deese*, 362 S.E.2d 699, 708 (Va. 1987); *Boyles v. Thompson*, 585 S.W.2d 821 (Tex. Civ. App. 1979); *Nat'l Linen Serv. Corp. v. Clower*, 175 S.E. 460, 465 (Ga. 1934); *Sorenson v. Chevrolet Motor Co.*, 214 N.W. 754, 754 (Minn. 1927). As there is no relevant Guam case law, the Court finds Plaintiffs have sufficiently pleaded conspiracy to commit tortious interference based on Van de veld's alleged interference.

Plaintiffs also allege that Defendants conspired to misrepresent to Plaintiffs that Cyfred has no further obligation to assist Plaintiffs with clearing Mendiola's title to the 14 lots when it

---

[4] Plaintiffs have represented that they decline to pursue their criminal theft of property claims. Opp'n at 13.

ORIGINAL

had the ability to do so simply by recording the deed she had signed, notarized, and given to Cyfred, thus forcing Plaintiffs to pursue various lawsuits to clear the title to the 14 lots. First Am. Compl. ¶ 106. Under Guam law, the tort of intentional misrepresentation has the following elements: "(1) a misrepresentation; (2) knowledge of falsity (or scienter); (3) intent to defraud to induce reliance; (4) justifiable reliance; and (5) resulting damages." *Hemlani v. Flaherty*, 2003 Guam 17 ¶ 9 (quoting *Transpacific Export Co. v. Oka Towers Corp.*, 2000 Guam 3 ¶ 23). The elements for negligent misrepresentation are: "(1) a misrepresentation of a past or existing material fact; (2) without reasonable grounds for believing it to be true; (3) with intent to induce another's reliance on the fact misrepresented; (4) ignorance of the truth and justifiable reliance thereon by the party to whom the misrepresentation was directed, and (5) damages." *Id.*[5]

The alleged misrepresentation--i.e., that Cyfred and Gill had no further obligation to assist Plaintiffs--does not appear to concern a past or existing material fact. It resembles more of an opinion, or at least a legal position that Cyfred no longer had an obligation to assist Plaintiffs. However, such a statement is buttressed against an allegation that Cyfred had a notarized deed in hand from Mendiola. So while an opinion cannot usually qualify as a misrepresentation of fact, an opinion that lacks a basis in fact may. *See Watts v. Jackson Hewitt Tax Serv. Inc.*, 579 F. Supp. 2d 334 (E.D.N.Y. 2008); *McKinney/Pearl Rest. Partners, L.P. v. Metro. Life Ins. Co.*, 241 F. Supp. 3d 737 (N.D. Tex. 2017) (opinion may form basis of fraud if parties do not have same access to information). Having reviewed the Complaint in a light most favorable to Plaintiffs, the Court finds Plaintiffs adequately pled misrepresentation because Gill's statement that Cyfred no longer had an obligation to assist Plaintiffs could be construed as a misrepresentation of fact.

---

[5] Plaintiffs also assert reckless misrepresentation as a claim but cite to little case law in support. The Court therefore analyzes Plaintiffs' claim under intentional and negligent misrepresentations, keeping in mind that Plaintiffs also asserted reckless misrepresentation.

ORIGINAL

Finally, Plaintiffs allege Defendants conspired to commit fraud on the court in CV0426-18 by representing to the Court that Mendiola has interests in the 14 lots when they knew or should have known that she did not have such interests. First Am. Compl. ¶ 105. On Guam, "the circumstances constituting fraud or mistake shall be stated with particularity...[m]alice, intent, knowledge, and other conditions of mind of a person may be averred generally." GRCP 9(b). A plaintiff "must set forth his claim with sufficient detail to provide notice to defendants as to what particular fraudulent action is being alleged." *Taitano*, 2008 Guam 12 ¶ 16. The elements of fraud are as follows: (1) a misrepresentation; (2) knowledge of falsity; (3) intent to defraud to induce reliance; (4) justifiable reliance; and (5) resulting damages. *Id.*, 2008 Guam 12 ¶ 12. Furthermore, in determining whether fraud "constitutes fraud on the court, the relevant inquiry is not whether fraudulent conduct 'prejudiced the opposing party,' but whether it 'harmed' the integrity of the judicial process." *United States v. Estate of Stonehill*, 660 F.3d 415, 444 (9th Cir. 2011) (quoting *Alexander v. Robertson*, 882 F.2d 421, 424 (9th Cir. 1989)). Fraud on the court involves "far more than an injury to a single litigant." *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 246 (1944) *abrogated on other grounds by Standard Oil Co. of California v. United States*, 429 U.S. 17 (1976). In reviewing Plaintiffs' Complaint, the Court finds that Plaintiffs have failed to plead justifiable reliance, damages, or how the Defendants' filing "harmed the integrity of the judicial process."

Plaintiffs have therefore only sufficiently pled tortious interference and misrepresentation as a wrongful act under the umbrella of their conspiracy claim. California law and Guam's criminal statute for conspiracy follow the "last overt act" rule for determining the accrual of a conspiracy. Though civil conspiracy actions' applicable statute of limitations depends on the nature of the underlying act, *Maheu v. CBS*, 247 Cal. Rptr. 304 (Ct. App. 1988), "when a civil



conspiracy is properly alleged and proved, the statute of limitations does not begin to run on any part of a plaintiff's claims until the 'last overt act' pursuant to the conspiracy has been completed." *Wyatt v. Union Mortg. Co.*, 598 P.2d 45, 53 (Cal. 1979).

The alleged "last overt act" for both the tortious interference and misrepresentation claims was Defendants' failure to disclose a copy of Mendiola's deed to the Court in March or April of 2019. Opp'n at 14; First Am. Compl. ¶ 111. It was only then that Defendants' conspiracy to keep the 14 lots' titles from Plaintiffs through tortious interference and misrepresentation came to light. Therefore, viewed in the light most favorable to Plaintiffs, the statute of limitations has not yet expired for either claim, and Plaintiffs have stated a claim for which relief can be granted.

### C. Wong's Lack of Standing

A litigant may claim standing if he or she possesses "the irreducible constitutional minimum of standing" under Article III of the US Constitution. *Benavente v. Taitano*, 2006 Guam 15 ¶ 15. In other words, "[a] party acquires standing...by suffering an injury in fact." *Id.* ¶ 18. Absent a statute conveying standing, a plaintiff must satisfy the following elements for each and every claim pursued: (1) suffer a concrete, particularized, and actual or imminent injury-in-fact, (2) demonstrate a causal connection between the injury and the complained-of conduct, and (3) show that a favorable decision by the court will likely redress the injury. *Id.*

Wong claims standing for Plaintiffs' conspiracy claim based on "the expenditure of attorney's fees and costs resulting from the breach of the assistance contract, the fraud as to it (including promissory estoppel), the tortious interference with that contract and/or the fraud on the Court. Additionally, the latter two[/three] tort claims...include the injuries in fact of his emotional distress and anxiety and his entitlement to punitive or exemplary damages, all

ORIGINAL

traceable to such torts." Opp'n at 16. None of these claims confer Wong with standing because they are based on actions concerning his role as Plaintiffs' attorney. Those are not interests he has as an individual, and it is not proper for him to argue Defendants injured his interests as Plaintiffs' attorney. However, he does have standing for count four's conspiracy claim based on his mortgage interests on five of the 14 lots. First. Am. Compl. ¶ 103. The lack of clear title threatens those interests, and a favorable decision by this Court could redress his imminent injury.

## III.    CONCLUSION

Based on concerns of duplicative litigation, the Court dismisses without prejudice Plaintiffs' First, Second, and Third Counts. The remaining claim to be litigated is conspiracy to commit wrongful conduct. The Court therefore DENIES IN PART and GRANTS IN PART Defendants' Motion.

The Court ORDERS the parties to meet and confer per CVR 16.1 and provide the Court with a Scheduling Order and Discovery Plan prior to the Scheduling Conference, which will be held on November 7, 2019, at 9:30 a.m.

SO ORDERED this 25th of October 2019.

SERVICE VIA COURT BOX

I acknowledge that a copy of the original hereto was placed in the court box of:

_____

Date:_____ Time:_____

Deputy Clerk, Superior Court of Guam

**HON. ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**

Appearing Attorneys:
Wayson W. S. Wong for Plaintiffs
Curtis C. Van de veld for Cyfred, Ltd., Leonard Francis Gill, Stephanie Mendiola, and Curtis Van de veld

ORIGINAL